IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Audibel, et al.                     )<br>                                     )<br>         Plaintiffs,                 )<br>                                     )<br>   vs.                               )<br>                                     )<br> David J. Borland, Jr., et al.       )<br>                                     )<br>         Defendants.                 )<br>_____) | CV 05-2614-PCT-PGR<br><br>**SCHEDULING ORDER** |

A Scheduling Conference having been held before this Court on <u>January 23, 2006</u>,

IT IS ORDERED that:

(1) Motions pursuant to Fed.R.Civ.P. 12(b), motions to amend pleadings, and motions to join additional parties shall be filed no later than **November 10, 2005**.[1]

(2) Parties shall exchange their respective initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1), and file with the Court a notice of such exchange, no later than **February 6, 2006**. The plaintiff shall disclose its expert witnesses, if any, and

---

[1] In order to conserve scarce judicial resources, the parties are directed to promptly inform the Court if they are involved in negotiations which they reasonably believe may make the resolution of <u>any pending motion</u> unnecessary.
  Counsel are advised that the Chambers' e-mail box, established pursuant to the Court's CM/ECF rules, is to be used solely for the purpose of sending proposed orders to the Court, **and is NOT to be used as a means of communicating with Chambers' staff.**

their reports in compliance with Fed.R.Civ.P. 26(a)(2)(B) no later than **April 28, 2006.** The defendant shall disclose its expert witnesses, if any, and their reports in compliance with Fed.R.Civ.P. 26(a)(2)(B) no later than **May 31, 2006.** Expert witness depositions shall be completed by **June 30, 2006.**

(3)  All discovery, including answers to interrogatories, shall be completed by **August 1, 2006**, and supplemental disclosures and discovery responses shall thereafter be made as required by Fed.R.Civ.P. 26(e). Discovery which cannot be timely responded to prior to the discovery deadline will be met with disfavor, and could result in denial of an extension, exclusion of evidence, or the imposition of other sanctions. Parties are directed to LRCiv 7.2(j), which prohibits filing discovery motions unless the parties have first met to resolve any discovery difficulties. If parties cannot reach a resolution of discovery disputes arising during depositions, they are directed to arrange a conference call with the Court to resolve the disputes.

(4)  All dispositive motions shall be filed by **September 1, 2006**.

(5)  A joint letter to the Court, sent directly to Chambers and not filed with the Clerk of the Court, concerning the status of settlement discussions (containing no specific settlement terms or offers) shall be submitted at the time the Joint Pretrial Statement is filed.

(6) A Joint Pretrial Statement shall be filed by **October 2, 2006**. If dispositive motions are filed, then this Joint Pretrial Statement shall be due either on the above date or 30 days following the resolution of the motions, whichever is later. The

content of the Joint Pretrial Statement shall include, but not be limited to, that prescribed in a standard form of Joint Pretrial Statement provided to the parties. The parties shall augment the Joint Pretrial Statement as necessary so it contains all of the pretrial disclosures as defined and required by Fed.R.Civ.P. 26(a)(3). It shall be the responsibility of the plaintiff to timely initiate the process of drafting the Joint Pretrial Statement and the plaintiff shall submit its draft of the Joint Pretrial Statement to the defendant no later than <u>ten business days prior to the date for filing the Joint Pretrial Statement</u>.

(7) Motions in limine shall be filed no later than the date of filing of the Joint Pretrial Statement. Responses to motions in limine are due ten business days after service. No replies are permitted. The hearing on the motions in limine, if one is permitted by the Court, will take place at the time of the Pretrial Conference. <u>No motion in limine shall be filed unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter</u>.

(8) The attorneys for each party who will be responsible for trial of the lawsuit, or the parties if <u>pro per</u>, shall appear and participate in a Pretrial Conference on **Monday, October 16, 2006, at 3:30 p.m.** Because Pretrial Conferences are held for the parties' benefit, and further because the parties' presence will facilitate frank discussion of the pertinent issues in the lawsuit, each party or a representative with binding settlement authority shall attend the Pretrial Conference. If dispositive motions are filed, the Court will continue the date of the Pretrial Conference,

1  if one is still necessary, until after the resolution of such
2  motions and the filing of a Joint Pretrial Statement.
3      (9) Selection of a trial date, and directions for filing trial
4  briefs, proposed findings of fact and conclusions of law or
5  proposed jury instructions and voir dire questions, and for marking
6  trial exhibits shall be set forth in an order entered following the
7  completion of the Pretrial Conference.
8      (10) **<u>The parties are cautioned that the deadlines set in this</u>**
9  **<u>Scheduling Order shall be enforced, and that the Court will not</u>**
10 **<u>entertain any stipulations to continue them - any request to extend</u>**
11 **<u>any of the deadlines set herein must be made by means of a motion,</u>**
12 **<u>joint or otherwise, and no such motion shall be granted unless very</u>**
13 **<u>good cause is shown.</u>**
14     Dated this 24th day of January, 2006.

_____
Paul G. Rosenblatt
United States District Judge