**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Audibel, et al. | ) | No.   CV 05-2614-PCT-PGR |
| Plaintiffs, | ) | |
| vs. | ) | **ORDER** |
| David Borland, Jr., et al. | ) | |
| Defendants. | ) | |

   Pending before the Court is the Plaintiffs' Motion for Summary Judgment (Doc. 22) and Motion for Summary Disposition (Doc. 26).

   The Plaintiffs filed the present Motion for Summary Judgment on September 1, 2006. After receiving no opposition from the Defendants, the Plaintiff filed a Motion for Summary Disposition under Local Rule 7.2(i) on November 9, 2006. As of the date of this order, the Court has received no responsive pleading from any of the named Defendants.

   Under Rule 56(e) of the Federal Rules of Civil Procedure, a non-moving party must respond to a properly supported motion for summary judgment by setting forth "specific facts showing that there is a genuine issue for trial." "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.  Local Rule 7.2(i) provides that, "if the opposing party does not serve and file the required answering memoranda . . . such noncompliance may be deemed a consent to the denial or

granting of the motion and the Court may dispose of the motion summarily." However, the Ninth Circuit requires that such motions be facially meritorious. See Henry v. Gill Indus., 983 F.2d 943, 950 (9th Cir. 1993).

In Martinez v. Standford, 323 F.3d 1178, 1182 (9th Cir. 2003), the Ninth Circuit Court of Appeals held that a motion for summary judgment cannot be granted merely because the opposing party violated a local rule since the moving party has an affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law. In other words, despite the local rule that permits the Court to summarily grant motions, the Court must analyze a motion for summary judgment on the merits. Id.

Summary judgment is appropriate only when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no issue of material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, summary judgment is mandated, " . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Initially, the movant bears the burden of demonstrating to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. Id. at 323. The burden then shifts to the non-movant to establish the existence of a material fact thus defeating summary judgment. Id. In addition, the non-moving party may not oppose a properly supported motion for summary judgment by mere reliance on the pleadings. See id. at 324. The moving party may also meet its burden of proof by showing an **absence of evidence** to support the non-moving party's claims or defenses. Celotex, 477 U.S. at 323. In this case, such a burden is clearly met as no evidence exists to defeat any of the eight claims brought by Plaintiffs against the Defendants.

The Plaintiffs seek summary judgment in their favor on all counts in the Complaint: breach of contract, fraud (intentional misrepresentation), declaratory relief, misappropriation of trade secrets, unfair competition, breach of the covenant of good faith and fair dealing, unjust enrichment, and breach of the Lanham Act, 15 U.S.C. § 1125. The Plaintiffs make five assertions in support of their claim that Defendants are unable to demonstrate the existence of a genuine issue of material fact. Plaintiffs' state that the Court should grant this motion for the following reasons: (1) Defendants admit that they entered into a contract with the Plaintiffs; (2) It is undisputed that Defendants' performance under the contract was neither excused nor discharged; (3) It is undisputed that the contract at issue was an enforceable and valid contract; (4) It is undisputed that an outstanding debt was owed to the Plaintiffs at the time the contractual business relationship was severed; and (5) Defendants have neither disclosed nor produced any documents which support their claims and defenses, and discovery has now closed.

When considering the record as a whole, the Court concludes that Plaintiffs' motion is well founded both in fact and in law. The Plaintiffs' papers support summary judgment and reveal no genuine issue of material of fact on their face. Discovery has now closed, and as stated above, the Defendants have offered no evidence to support any of their claims or defenses. Furthermore, Defendants made revealing admissions in their responses to Plaintiffs' interrogatories. Such responses unequivocally establish that no genuine issue of material fact remains for trial and judgment as a matter of law is warranted in favor of the Plaintiffs. Therefore,

IT IS ORDERED that Plaintiffs' Motion for Summary Judgment (Doc. 22) is GRANTED. The Plaintiff is directed to file a proposed from of Judgment or a motion requesting a hearing to establish damages.

1  IT IS FURTHER ORDERED that the Plaintiffs' Motion for Summary Disposition (Doc. 26) is DENIED as MOOT.

DATED this 8th day of January, 2007.

Paul G. Rosenblatt
United States District Judge

- 4 -